**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LEVAR KING (#367502)**                                        **CIVIL ACTION**

**VERSUS**

**CARL J. SMITH, ET AL.**                                       **NO. 08-0290-JJB-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 30, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LEVAR KING (#367502)**                                                                    **CIVIL ACTION**

**VERSUS**

**CARL J. SMITH, ET AL.**                                                                    **NO. 08-0290-JJB-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 38. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Carl J. Smith, Capt. Barrett L. Boeker, Major Willie Thomas, and Lt. Dupuy, complaining that his constitutional rights were violated on January 6, 2008, when he was subjected to excessive force by the defendants on that date.[1] Pursuant to amendment to his Complaint, rec.doc.no. 12, the plaintiff added as defendants herein, Lt. Adams, Msgt. Beartrain and Lt.Col. Bordelon.[2] In addition, defendants Smith and Thomas

---

[1] Defendant Lt. Dupuy has never been served in this proceeding. Specifically, officials at the Louisiana Department of Public Safety and Corrections have refused to accept service on behalf of this defendant for the reason that "they need a first name", see rec.doc.no. 6, which name the plaintiff has not provided. Accordingly, it is appropriate that defendant Lt. Dupuy be dismissed from this proceeding for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.

[2] In acknowledgment of the plaintiff's assertion that he needed the first names of these newly-named defendants in order for service to be effected upon them, the Court advised the plaintiff that, upon an appearance being made by the originally-named defendants, he could propound written discovery requesting the full identities of the newly-named defendants. See rec.doc.no. 13. Notwithstanding this notice, it does not appear from the record that the plaintiff ever directed discovery to the defendants making such inquiry. Although the plaintiff has asserted, in a subsequent motion to compel discovery, rec.doc.no. 27, that he propounded such discovery to the defendants on or about October 16, 2008, he did not attach a copy of this discovery for the Court's review, and he did not comply with this Court's scheduling Order, rec.doc.no. 4, which directed that all discovery be filed into the record and that all motions to compel be forwarded to counsel for the defendants (the motion to compel bears a certificate of service indicating that it

have filed a counter-claim against the plaintiff, seeking monetary damages for injuries allegedly sustained by them during the incident.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, five (5) Unusual Occurrence Reports dated January 6, 2008, prepared by Msgt. Frances Craig, Lt. Donovan Dupuy and defendants Carl Smith, Willie Thomas and Barrett Boeker, two (2) disciplinary reports dated January 6, 2008, prepared by defendants Willie Thomas and Barrett Boeker (charging the plaintiff with Defiance and Aggravated Disobedience), an Investigative Services Report dated January 30, 2008, prepared by Lt.Col. Bobby Achord, excerpts from the plaintiff's medical records, records from the Louisiana Office of Workers' Compensation relative to defendants Willie Thomas and Carl Smith, and the affidavits of Bobby Achord, Presley Bordelon, Donovan Dupuy, Frances Craig, Dr. Jonathan Roundtree, Terry Grimball and defendants Carl Smith, Willie Thomas and Barrett Boeker.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

---

was forwarded instead to the Attorney General for the State of Louisiana). Finally, it appears that the full names of defendants Bordelon and Dupuy were ascertainable from review of the Court-ordered discovery provided by the defendants, see attachments to rec.doc.no. 18, yet the plaintiff never sought to amend his Complaint to provide the correct names of these defendants, nor did he file a motion requesting that service be effected upon them. Accordingly, it is appropriate that the plaintiff's claims asserted against defendants Lt. Adams, Msgt. Beartrain and Lt.Col. Bordelon be also dismissed, without prejudice, for failure of the plaintiff to timely effect service upon them pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

In his Complaint, the plaintiff alleges that on January 6, 2008, he was sitting on his bunk in the prison dormitory rolling a cigarette when defendant Smith came running toward him, wrestled him to the floor, and handcuffed him.  Defendants Smith, Boeker, Thomas and Dupuy then dragged the plaintiff down the walk to a supply room, punching and kicking the plaintiff along the way.  Upon arrival at the supply room, defendant Boeker instructed the plaintiff to undress and then began to beat the plaintiff with a broom handle.  When an ambulance arrived, the plaintiff was transported to the prison infirmary where he received several stitches to the inside and outside of his mouth.  In addition, the plaintiff complains that he suffered two black eyes, a swollen nose, and numerous knots and bruises on his back, head and legs.  The plaintiff further asserts that during this incident, he was not hostile or confrontational in any way.

In response to the plaintiff's allegations, the defendants contend that on the referenced date, defendant Thomas was making rounds in the dormitory when he observed the plaintiff with what appeared to be a bag of marijuana in his lap. When defendant Thomas reached for the bag, the plaintiff allegedly struck the defendant in the face with a closed fist, after which a struggle ensued during which the defendant and the plaintiff fell to the floor.  The defendant was able to call for help, and defendants Dupuy, Boeker and Thomas arrived shortly thereafter and were able to subdue the plaintiff and place him in restraints.  As the plaintiff was then being escorted out of the dormitory, he began to struggle and kick out at the defendants, whereupon they again took him to the floor. During this scuffle, defendant Boeker administered "knee kicks to the common peroneal area" in order to obtain the plaintiff's compliance.  The plaintiff was then taken by ambulance to the prison

infirmary where a 2 cm laceration in his lip was sutured.  In addition, defendants Smith and Thomas sustained injuries in the altercation, with defendant Smith sustaining a nasal bone fracture and a 1 inch cut to his forehead which required 3 stitches, and with defendant Thomas sustaining a fracture to a finger of his right hand.  According to the defendants, the material contained in the bag, confiscated from the plaintiff was subsequently tested and was determined to be marijuana.

In the instant motion, the defendants assert that they are entitled to qualified immunity.  Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  Second, the court looks to determine whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been

clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>.  <u>Id.</u>³

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendants' motion must fail and that the plaintiff's allegations, supported by the affidavit of a co-inmate, overcome the assertion of qualified immunity.

Pursuant to well-settled legal principles, force is excessive and violates the Eighth Amendment if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  <u>See also</u> <u>Knight v. Caldwell</u>, 970 F.2d 1430 (5th Cir. 1992), <u>cert. denied</u>, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993) (An inmate-plaintiff must show some injury to prevail on a claim of excessive force).  Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. <u>Hudson v. McMillian</u>, <u>supra</u>. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury,

---

³   The United States Supreme Court has recently held that rigid chronological adherence to the <u>Saucier</u> two-step methodology is no longer mandatory. <u>Pearson v. Callahan</u>, ____ U.S. ____, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the <u>Saucier</u> methodology will be "often beneficial", the <u>Callahan</u> Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

greater than de minimis, resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993).

Applying this standard, the Court concludes that the plaintiff's allegations of force utilized against the defendants are sufficient to state a claim of a constitutional violation. Specifically, the Court finds that the plaintiff has met the first prong of the Saucier two-part test by asserting a violation of his constitutional right to be free from the use of excessive force. In this regard, he has asserted that he was physically attacked in his dormitory without warning on January 6, 2008, by defendant Smith, and that defendants Dupuy, Boeker and Thomas arrived shortly thereafter and joined in the physical abuse. The plaintiff asserts that he offered no provocation or resistance to the defendants and that there was no justification for the defendants' actions. The plaintiff further contends that he suffered a puncture wound to his mouth which required stitches and that he sustained two black eyes, a swollen nose and numerous knots and bruises on his back, head and legs. In support of these contentions, the plaintiff has provided the sworn statement of a co-inmate, Quincy Williams, which substantially confirms the plaintiff's assertions. Further, applying the second part of the Saucier analysis, and accepting the plaintiff's sworn assertions as true, the Court finds that no reasonable corrections official could have believed that the conduct alleged by the plaintiff was lawful. While the defendants contend that only a reasonable amount of force was utilized against the plaintiff on the referenced date, and that such force was necessitated by the plaintiff's conduct in first striking defendant Smith in the face and in thereafter struggling and striking out at other security officers, the plaintiff's assertions are in direct conflict with

the defendants' contentions, and it is not the province of this Court to resolve issues of credibility on a motion for summary judgment. Accordingly, it appears that there are disputed issues of fact in connection with the plaintiff's claim, and that the defendants' motion for summary judgment should therefore be denied with respect thereto.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendants **Dupuy, Adams, Beartrain and Bordelon** be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 38, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, July 30, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**