# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LEVAR KING (#367502)                                              CIVIL ACTION

VERSUS

CARL J. SMITH, ET AL.                                            NO. 08-0290-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 25, 2011.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

LEVAR KING (#367502)                                    CIVIL ACTION

VERSUS

CARL J. SMITH, ET AL.                                   NO. 08-0290-JJB-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 54.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Carl J. Smith, Capt. Barrett L. Boeker, Major Willie Thomas, Lt. Dupuy, Lt. Adams, Msgt. Beartrain and Lt.Col. Bordelon, complaining that his constitutional rights were violated on January 6, 2008, when he was subjected to excessive force by the defendants on that date. Defendants Carl J. Smith and Willie Thomas have filed a counter-claim against the plaintiff, seeking monetary damages for injuries allegedly sustained by them during the incident complained of. Pursuant to earlier Report and Recommendation in this case, approved by the District Judge on September 16, 2010, the plaintiff's claims against Lt. Dupuy, Lt. Adams, Msgt. Beartrain and Lt.Col. Bordelon have been dismissed.

The plaintiff now moves for summary judgment, directed solely to the counter-claim of defendants Carl Smith and Willie Thomas. The plaintiff relies upon the pleadings, a previously-submitted Statement of Undisputed and Disputed Material Facts, his own written statement, and the written statements of co-inmates Leslie Young, Darice M. Coleman, Ronald Thompson, Michael Kimble, Leonard Nelson, Micheal A. George and Quincy Williams.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. <u>Anderson</u>, <u>supra</u>.

In his Complaint, the plaintiff alleges that on January 6, 2008, he was sitting on his bunk in the prison dormitory rolling a cigarette when defendant Smith came running toward him, wrestled him to the floor, and handcuffed him. Defendants Smith, Boeker, Thomas and Dupuy then dragged the plaintiff down the walk to a supply room, punching and kicking the plaintiff along the way. Upon arrival at the supply room, defendant Boeker instructed the plaintiff to undress and then began to beat the plaintiff with a broom handle. When an ambulance arrived, the plaintiff was transported to the prison infirmary where he received several stitches to the inside and outside of his mouth. In addition, the plaintiff complains that he suffered two black eyes, a swollen nose, and numerous knots and bruises to his back, head and legs. The plaintiff further asserts that during this incident, he was not hostile or confrontational in any way.

In response to the plaintiff's allegations, the defendants have contended that on the referenced date, defendant Thomas was making rounds

in the dormitory when he observed the plaintiff with a bag of what appeared to be marijuana in his lap. When defendant Thomas reached for the bag, the plaintiff allegedly struck the defendant in the face with a closed fist, after which a struggle ensued and during which the defendant and the plaintiff fell to the floor. The defendant was able to call for help, and defendants Dupuy, Boeker and Thomas arrived shortly thereafter and were able to subdue the plaintiff and place him in restraints. According to the defendants, as the plaintiff was then being escorted out of the dormitory, he began to struggle and kick out at the defendants, whereupon they again took him to the floor. During this scuffle, defendant Boeker administered "knee kicks to the common peroneal area" in order to obtain the plaintiff's compliance. The plaintiff was then taken by ambulance to the prison infirmary where a 2 cm laceration to his lip was sutured. In addition, defendants Smith and Thomas allegedly sustained injuries in the altercation, with defendant Smith sustaining a nasal bone fracture and a 1-inch cut to his forehead which required 3 stitches, and with defendant Thomas sustaining a fracture to a finger of his right hand. According to the defendants, the material contained in the bag confiscated from the plaintiff was subsequently tested and was determined to be marijuana.

The instant Motion for Summary Judgment should be denied. The plaintiff's Complaint and Amending Complaint, rec.doc.nos. 1 and 12, are unsworn, and the "affidavits" and written statements that he has introduced as exhibits in support of this Motion are, with only one exception, neither formally notarized nor explicitly made "under penalty of perjury" (as allowed under 28 U.S.C. § 1746). See attachments to rec.doc.nos. 45 and 49. Moreover, the Court notes that the defendants, in connection with a prior motion for summary judgment in this case, see

rec.doc.no. 38, have introduced sworn statements which directly contradict the factual assertions made by the plaintiff and the referenced co-inmates. Accordingly, the plaintiff has not adequately carried his initial burden of showing, through the presentation of competent evidence which may be considered by this Court, that there is no genuine disputed issue of material fact relative to the defendants' counter-claim. His Motion for Summary Judgment, therefore, should be denied.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 54, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, January 25, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**